IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Julius Boshko,                )
                              )
            Plaintiff,        )   Case No. C-1-02-141
                              )
     vs.                      )
                              )
Sandra Crawford,              )
                              )
            Defendant.        )

O R D E R

This matter is before the Court on Defendant Sandra Crawford's Motion for Summary Judgment (Doc. No. 11), Magistrate Judge Hogan's Report and Recommendation of November 25, 2002 (Doc. No. 14), and Plaintiff Julius Boshko's Objections to Magistrate Judge Hogan's Report and Recommendation (Doc. No. 15). For the reasons set forth below, Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Defendant's motion for summary judgment is well-taken and is **GRANTED**.

Plaintiff, an inmate incarcerated at Warren Correctional Institution, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendant violated his rights under the Eighth Amendment by denying him indigent status so that he could purchase needed hygiene supplies as well as legal materials. Magistrate Judge Hogan recommended that Defendant's

motion for summary judgment be granted because the record shows that Defendant had ample funds in his prison account to buy hygiene items but chose to use his money to buy snacks, like candy and ice cream, instead.  This Court reviews the Magistrate Judge's Report and Recommendation on a motion for summary judgment de novo.  Fed. R. Civ. P. 72(b).

Under the Eighth Amendment, prison officials have a duty to provide for a prisoner's basic hygenic needs, and, if he is unable to purchase both legal supplies and hygenic items, he should not be forced to choose between basic necessities and essential legal supplies.  See Norris v. Rose, No. 97-3014, 1998 WL 393829, at **1 (6th Cir. June 15, 1998).  In this case, however, the undisputed record shows that Plaintiff had ample funds to buy legal supplies and hygenic supplies, but chose to forego hygenic items in favor of snacks such as instant coffee, cheese spread, Doritos, suckers, and cookies.  Any deprivation of hygenic supplies was caused by Plaintiff's own poor purchasing decisions rather than action on the part of prison officials.  Thus, as Magistrate Judge Hogan properly found, Plaintiff suffered no Eighth Amendment violation in this case.

Accordingly, Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED**.  Magistrate Judge Hogan's Report and Recommendation is hereby **ADOPTED**.  Defendant's motion for summary judgment is well-taken and is **GRANTED**.  Plaintiff's claims are **DISMISSED WITH PREJUDICE.  THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date September 10, 2003                    /s Sandra S. Beckwith
                                             Sandra S. Beckwith
                                          United States District Judge